Commonwealth of Pennsylvania ex rel. Joseph Mathews, Tax Collector, v. The School Directors of the School District of Ben Avon Borough, Appellant.

*Statutes—Boroughs—Local township laws—Collection of taxes.*

A local law applying to a township does not apply to a borough created out of territory belonging to that township, after its incorporation, if in conflict with the general borough laws under which it is created.

A local act regulating the collections of taxes in Killbuck township at the time the borough of Ben Avon was incorporated does not apply to the borough after it is incorporated and the school taxes must be collected not by the treasurer of the school board but by the tax collector as directed by the Act of June 25, 1885, P. L. 187.

Argued April 27, 1898. Appeal, No. 189, April T., 1898, by defendants, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1898, No. 366, sustaining demurrer to answer to petition for mandamus. Before WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Demurrer to answer to petition for mandamus. Before WHITE, P. J.

The facts sufficiently appear in the opinion of the court.

*Error assigned* was in sustaining the demurrer of relator to defendant's answer.

*W. H. S. Thomson*, with him *Frank Thomson*, for appellant.—The local Act of March 18, 1873, P. L. 312, is not repealed by the Act of June 25, 1885, P. L. 187 : Evans v. Phillipi, 117 Pa. 226 ; Clifford v. Belsterling, 2 S. & R. 107 ; Parsons v. Winslow, 1 Gr. 160.

In Commonwealth v. Commissioners of Bedford Co., 6 Pa. Superior Ct. 211, it was held that the local Act of April 13, 1868, P. L. 1017, providing for the collection of taxes in Bedford county, is recognized and retained by the Act of June 25, 1885, P. L. 187, and is not repealed by the Act of June 6, 1893, P. L. 333, authorizing the election of tax collectors for the term of three years : County of Lackawanna v. Stevens, 105 Pa. 465.

*A. L. Large*, for appellee.—Cities, in passing from one class to another, are necessarily governed and controlled by the laws regulating that class, and all local laws conflicting with class legislation must give way.

This principle arises from the requirements of the new constitution in demanding uniformity in our laws, and the courts have, since 1874, aimed to so interpret the laws : Com. v. Wunch, 167 Pa. 186 ; Com. v. Macferron, 152 Pa. 244 ; Quinn v. Cumberland Co., 162 Pa. 55 ; Com. v. Middleton Borough, 3 Dist. Rep. 639.

It is utterly impossible to reconcile the operation of the special act of March 18, 1873, passed for Killbuck township, with the borough law regulating school boards and the levy and collection of school tax.

The Act of June 6, 1893, P. L. 333, under which the tax collector of Ben Avon borough was elected, repeals the local law of Killbuck township of March 18, 1873, P. L. 312, because of its inconsistency and conflicting provisions, even if the local law might heretofore have applied.

The two being inconsistent, the local law would necessarily have to give way, as the act of 1893 expressly repeals all inconsistent laws: Com. v. Wunch, 167 Pa. 186 ; Com. v. Middleton Borough, 3 Dist. Rep. 639.   In Com. v. Com. of Bedford

County, 6 Pa. Superior Ct. 211. BEAVER, J., refers to Commonwealth v. Wunch, 167 Pa. 186, and sustains the positions there taken.

OPINION BY REEDER, J., July 29, 1898:

The only question raised by this assignment of error is whether the court erred in sustaining the demurrer of the relator to the defendant's answer. These proceedings were commenced by a petition for a mandamus to which an answer was filed by the defendant. On the 18th of March, 1873, a local act was passed relating to the collection of the school taxes of Killbuck township in the county of Allegheny, which made it the duty of the treasurer of the school board to collect the school taxes. The borough of Ben Avon was incorporated January 9, 1892, wholly out of the territory of Killbuck township. Under the belief and impression that the act of 1873 applied to the borough of Ben Avon, the taxes have always been collected under that act. The act of 1885 provided for the election of a tax collector in all boroughs and townships, but the proviso of that act contains in terms these words: "This act shall not apply to any taxes the collection of which is regulated by local law." The act of 1873 was the law regulating the collection of taxes in Killbuck township at the time the borough of Ben Avon was incorporated. The only question for our consideration is, did the local act apply to the borough after its incorporation?

Boroughs are distinct municipal corporations from townships. This is recognized in all the statutes of our state. By the act of April 3, 1859, it is provided that any borough incorporated from within a township shall be distinct and separate therefrom. The same act provides for the election of school directors. By the act of May 8, 1854, it is provided that every borough erected after the passage of that act shall constitute a school district subject to the provisions of that act.

By these acts it is clearly indicated that the formation of boroughs within townships make them an entirely separate and distinct class of municipal corporations from townships and make them subject to a different class of laws known as borough laws.

Where boroughs are so constituted they are no longer con-

trolled and regulated by the laws relating to those townships but are governed by the statutes regulating boroughs and all local legislation conflicting with the acts of assembly applying to boroughs must give way.  It being impossible to reconcile this local law for regulating the collection of taxes in Killbuck township with the borough laws ·regulating the collection of school taxes within municipal corporations of that class, the special law must yield to the new existing conditions.'

A local law applying to a township does not apply to a borough created out of territory belonging to that township, after its incorporation if in conflict with the general borough laws under which it is created.

As the learned judge in the court below says: "To drag over the local act of Killbuck township and apply it to the treasurer and school board of Ben Avon borough, simply because the territory was once a part of Killbuck township, is a proposition unsupported by good logic or any authority."

The assignment of error is therefore overruled and judgment affirmed.